Filed 1/29/21  Pro Se v. City of Santa Monica CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PRO SE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CITY OF SANTA MONICA,<br><br>    Defendant and Respondent. | B296195<br><br>(Los Angeles County<br>Super. Ct. No. BC605644) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Frederick C. Shaller, Judge.  Affirmed.

Pro Se, in pro. per., for Plaintiff and Appellant.

George S. Cardona, Interim City Attorney, Lance S. Gams, Chief Deputy City Attorney, Karen S. Duryea, Deputy City Attorney for Defendant and Respondent.

Plaintiff Pro Se (plaintiff) appeals a judgment entered in favor of the City of Santa Monica (City) after a jury rejected plaintiff's claims that he suffered personal injuries as a result of the negligence of a City employee. As we discuss, plaintiff forfeited all of his appellate arguments by failing to raise them below, and thus we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 7, 2015, plaintiff, who suffers from a disability, was a passenger on a Big Blue Bus operated by the City. Plaintiff was seated in a wheelchair that was tethered to the floor of the bus with straps. As the bus traveled on Fourth Street in Santa Monica, the driver applied the brakes to avoid what he believed was a vehicle coming into his lane. Plaintiff claimed the bus's abrupt stop caused him to be thrown from his wheelchair and to suffer injuries.

Plaintiff sued the City for general and motor vehicle negligence. The case was tried to a jury, which on July 16, 2018 returned a special verdict for the City. The jury found that the City was negligent, but the City's negligence was not a substantial factor in causing plaintiff's injuries. On January 22, 2019, the trial court entered judgment in favor of the City and against plaintiff. Plaintiff timely appealed from the judgment.

## DISCUSSION

Plaintiff contends: (1) the trial court failed to offer him appropriate accommodations for his disability during trial; (2) the special verdict form was ambiguous and confusing to the jury; and (3) the trial court abused its discretion by seating juror number 6, who was biased against plaintiff. We consider each of these contentions below.

# I.
## Plaintiff Forfeited His Accommodation Claim
## by Failing to Raise it in the Trial Court

Plaintiff contends the court erred by failing to accommodate him during trial as required by the Americans with Disabilities Act (42 U.S.C., § 12101 et seq.). Specifically, plaintiff says the trial court required him to sit 150 feet away from a monitor where video evidence was played for the jury. As a result, plaintiff says, he was unable to view the video evidence, which he urges affected the outcome of the trial.

We conclude that plaintiff forfeited this claim of error by failing to raise it below. "As a general rule, a [party's] failure to object to an alleged trial error relieves an appellate court of the obligation to consider the claim on review. [Citation.] The reason for this rule is to allow the trial court to correct its errors and 'to prevent gamesmanship . . . .' " (*People v. Arredondo* (2019) 8 Cal.5th 694, 710; see also *People v. Romero* (2008) 44 Cal.4th 386, 411 [same].)

In the present case, it is undisputed that plaintiff did not object at trial to his placement in the courtroom, nor did he indicate to the court that he had any difficulty seeing the video evidence.[1] Had he done so, the court would have had the opportunity to correct any error by allowing plaintiff to be seated elsewhere in the courtroom. Because plaintiff did not object, he has forfeited his claim.

---

[1] To the contrary, his trial testimony suggested that he was able to see the video evidence.

## II.
### Plaintiff Forfeited His Objection
### to the Special Verdict Form

Plaintiff next contends the judgment should be reversed because the second question on the special verdict form—"Was City of Santa Monica's negligence a substantial factor in causing harm to Plaintiff Pro Se?"—confused at least one juror.

To the extent plaintiff is contending that the special verdict form was faulty, that contention was forfeited by his failure to object at trial. "A party who fails to object to a special verdict form ordinarily waives any objection to the form." (*Behr v. Redmond* (2011) 193 Cal.App.4th 517, 530; *Jensen v. BMW of North America, Inc.* (1995) 35 Cal.App.4th 112, 131.) In the present case, plaintiff does not establish by a citation to the appellate record that he or his counsel objected to the special verdict form he now contends was ambiguous. The alleged ambiguity in the verdict form therefore has been forfeited.

## III.
### Plaintiff Forfeited His Objection to Juror Number 6

Finally, plaintiff contends the trial court erred in seating juror number 6. He contends that juror number 6 was "a government employee for Medicare and Social Security" whose presence on the jury "adversely poisoned the jury by having . . . the presiding juror influence the jury to vote her way in favor after Financial interest [*sic*] that would benefit her employer Medicare/Social Security."

We conclude that this claim of error, like the others plaintiff has asserted, has been forfeited because plaintiff did not raise it below. "Absent a challenge [to a juror] for cause, the issue is not preserved." (*People v. Ramos* (1997) 15 Cal.4th 1133,

4

1160; see also *People v. Virgil* (2011) 51 Cal.4th 1210, 1242 [because defendant did not object to juror in the trial court, his contention that the trial court erred in failing to discharge the juror was forfeited].) Here, plaintiff does not contend that he made a timely objection in the trial court to juror number 6. Accordingly, the objection has been forfeited.

## DISPOSITION

The judgment is affirmed. The City is awarded its appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

DHANIDINA, J.